IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| FLOYD B. BINDER, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| vs. | ) | Case No. 07-3042-CV-S-RED |
| | ) | Crim No. 05-3133-01-CR-S-RED |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

### ORDER

Now before the Court is Floyd Binder's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by Person in Federal Custody (Doc. 4). For the following reasons, the Court finds the Motion is due to be **DENIED**.

### A. Factual and Procedural History

Floyd Binder ("Binder") was charged in a three-count indictment with conspiracy to possess with intent to distribute cocaine (Count One), possession with intent to distribute cocaine (Count Two), and possession of a firearm in furtherance of a drug violation (Count Three). On January 5, 2006, Binder appeared with his attorney, Assistant Federal Public Defender Michelle Nahon, and pled guilty to Counts One and Three of the indictment without a written plea agreement. Binder was sentenced on May 12, 2006, receiving a sentence of 70 months on Count One and 60 months on Count Three. No direct appeal was filed.

Binder now petitions this Court under 28 U.S.C. § 2255 for post-conviction relief. He states five grounds for vacating his sentence. First, Binder argues his counsel was unconstitutionally ineffective for two reasons: (1) his counsel was ineffective for telling him that he could not appeal, and (2) his counsel was ineffective for failing to do everything she could

have done during the investigation of the case. Binder further asserts his conviction was obtained by use of evidence gained pursuant to an unconstitutional search and seizure and an unlawful arrest, and by use of a coerced confession. Binder also asserts that he was convicted of conspiracy but was not charged with that crime in the indictment.

## B. Analysis

Binder's assertions that his conviction was obtained by use of a coerced confession and by use of evidence gained pursuant to an unconstitutional search and seizure and an unlawful arrest were not raised as issues on direct appeal. Typically, claims that were not raised on direct appeal cannot be properly brought under § 2255. *United States v. Perales*, 212 F.3d 1110, 1111 (8th Cir. 2000). However, "relief under 28 U.S.C. § 2255 is available to correct errors that could have been raised at trial or on direct appeal if the petitioner shows cause for the default and resulting prejudice." *Anderson v. United States*, 25 F.3d 704, 706 (8th Cir. 1994) (citing *Reid v. United States*, 976 F.2d 446, 448 (8th Cir. 1992)). One method by which Binder could show default and resulting prejudice is by raising an independent ineffective counsel argument, as he has done here. *See Perales*, 212 F.3d at 1111.

To establish an ineffective assistance of counsel claim, Binder must prove that (1) counsel's performance was deficient, falling below an objective standard of reasonableness, and (2) that the deficient performance prejudiced him as to deprive him of fair proceedings. *Strickland v. Washington*, 446 U.S. 668, 687-88 (1984). The Court presumes counsel's conduct falls within the range of reasonable professional conduct. *Id.* at 688-89. To satisfy a showing of deficiency, a defendant must show that counsel failed to exercise the skills and diligence a reasonably competent attorney would have exhibited given the circumstances. *See United States*

2

*v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1994). To establish prejudiced performance, a defendant must show that there is a reasonable probability, but for counsel's unreasonable professional errors, the results of the proceeding would have been different. *See id.* As discussed above, because "resulting prejudice" must be shown in order to obtain relief under § 2255, the Court need not address the issue of reasonableness if Binder cannot prove actual prejudice. *See id.*

Here, Binder has failed to establish there is a reasonable probability that the outcome of his cause would have been different but for his counsel's ineffectiveness. Binder has presented no evidence whatsoever of how he was prejudiced by his counsel's alleged ineffectiveness. He broadly asserts that she did not do the job she could have done and claims she did not provide him with the opportunity to view all of the evidence the Government had. Ms. Nahon, however, provided the Court with an affidavit stating that Binder was allowed to review all of the discovery materials provided to her by the Government. Even if Binder were not given the opportunity to review all of the evidence himself, he does not establish how this action caused him prejudice. Furthermore, there is no merit to Binder's allegation that he was told he could not appeal as the Court advised Binder of his appeal rights during his sentencing hearing, and Ms. Nahon stated in her affidavit that she further reviewed appeal rights with Binder and he made the choice not to pursue an appeal.

Because Binder is unable to show there is a reasonable probability that, but for his counsel's alleged shortcomings, the outcome of his case would have been different, he has failed to demonstrate ineffective assistance of counsel. Consequently, Binder is barred from using § 2255 to raise the argument that his conviction was obtained by use of a coerced confession and by use of evidence gained pursuant to an unconstitutional search and seizure and an unlawful

3

arrest .

In response to Binder's assertion that he was convicted of conspiracy when that crime was not charged in the indictment, the Court would point out that Count One of the indictment reads: "Floyd B. Binder . . . did knowingly and intentionally conspire and agree . . . to possess with intent to distribute in excess of 500 grams of a mixture or substance containing a detectable amount of cocaine."

### C. Conclusion

For the foregoing reasons, Floyd Binder's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by Person in Federal Custody (Doc. 4) is hereby **DENIED**.

**IT IS SO ORDERED.**

DATE:   May 31, 2007              */s/ Richard E. Dorr*
                                  RICHARD E. DORR, JUDGE
                                  UNITED STATES DISTRICT COURT

4